UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
KIRKPATRICK DUNBAR,

                            Plaintiff,

    -against-

NASSER DAM ENTERPRISES, INC.
d/b/a OMAR'S MEDITERRANEAN CUISINE
AND ISLAMIC SOCIETY
OF AMERICA, INC.,

                            Defendants.
--------------------------------------X

**COMPLAINT**

*Civil Action No.*
1:23-cv-342

Plaintiff, KIRKPATRICK DUNBAR, ("Plaintiff"), by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues NASSER DAM ENTERPRISES, INC. d/b/a OMAR'S MEDITERRANEAN CUISINE, a domestic business corporation, and ISLAMIC SOCIETY OF AMERICA, INC., a domestic not-for-profit corporation, both registered in the State of New York, (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The violative Premises and the events giving rise to this lawsuit are located at 154 East 55th Street, New York, NY 10022. (hereinafter "Premises").

4. Venue is proper in this Court as the premises is located in the State of New York, County of New York.

5. The Defendants NASSER DAM ENTERPRISES, INC. d/b/a OMAR'S MEDITERRANEAN CUISINE and ISLAMIC SOCIETY OF AMERICA, INC. are each authorized to conduct and are conducting business within the State of New York.

6. Upon information and belief, NASSER DAM ENTERPRISES, INC. d/b/a OMAR'S MEDITERRANEAN CUISINE is the lessee and/or operator of the real property, and the owner of the improvements where the Premises is located which is the subject of this action. Defendant also maintains and controls the Premises.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Premises is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8. Upon information and belief, ISLAMIC SOCIETY OF AMERICA, INC. is the owner, lessor and/or operator and managing agent of the real property where the Premises is located, which is the subject of this action, which also maintains and controls the Premises.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Premises which is the subject to this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

11. At the time of Plaintiff's visits to the Premises, and prior to the instant action, Plaintiff was, and still is, a resident of the City and State of New York. Plaintiff is a paraplegic, which constitutes a "qualified disability" under the ADA of 1990. Plaintiff uses a wheelchair for mobility.

12. On July 12, 2022, Plaintiff last attempted to enter Defendants' Premises (a prominent middle eastern restaurant which specializes in cultural dishes such as Kabobs and Schwarma), which is less than 8 miles from his home and where he hangs out with his friends on a regular basis and regularly has meetings. Plaintiff has ordereddelivery a few times and enjoys the Shawarma and Kaufta Kabobs for lunch, but wanted to go eat in the restaurant for the full experience. However, because of the architectural barriers at the entrances of the restaurant, such as a steep step at the entrance and inaccessible counters and bathrooms, Plaintiff was unable to enter the restaurant nor was he able to sit at the indoor tables. As a result of this experience, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Premises, which is subject to this instant litigation.

13. Plaintiff has attempted to enter Defendants' Premises on multiple occasions in the past, but continues to be denied access each time, and therefore suffered an injury in fact. There are other locations on 39th Street and in the financial district, which also has barriers. Plaintiff is currently deterred from going to the restaurant based on his knowledge of the barriers to access that exists and intends on immediately returning to the Premises to purchase their signature Chicken Shawarma and Kaufta Kabobs once the barriers are removed and the Premises is ADA compliant.

14. Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

15. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

16. The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

17. The Plaintiff is informed and believes, and therefore alleges that the Premises has begun operations and/or undergone substantial remodeling, repairs, and/or alterations since January 26, 1990.

18. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendants' Premises, in violation of these Accessibility Standards.

19. The Plaintiff has been unable to and continues to be unable to enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Premises.

20. Plaintiff visited Defendants' Premises with the intention of utilizing Defendants' facilities, but was denied access to the Premises, and therefore suffered an injury in fact. In

addition, Plaintiff continues to reside in New York and continues to desire to visit the Premises in the future, but will suffer future harm in that he is unable to access the Premises and continues to be discriminated against due to the architectural barriers which remain at the Premises, all in violation of the ADA, and New York State and City Human Rights Law.

21. Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act Accessibility Guidelines (hereinafter "2010 ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

22. The Defendants' Premises is in violation of 42 U.S.C. §12181 et. Seq., ADA and the 2010 Standards, and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

   a. The total vertical rise of accessible route leading from public sidewalk is greater than ½ (one-half) inch due to a 4 to 5 inch vertical rise at the accessible entrance to Omar's Mediterranean, the accessible route is not ramped in compliance with section 405 or 406, this is a violation of section 303.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access this unit of the Property because the existing vertical rise would make it almost impossible for Plaintiff to safely access the interior of the public accommodation.

   b. Due to a 4 to 5 inch vertical rise at the accessible entrance, the Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible

entrance in violation of section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the Property.

c. Due to a 4 to 5 inch vertical rise at the accessible entrance, the accessible route leading into this public accommodation contains at least one vertical rise in excess of ¼ inch in violation of section 303.2 of the 2010 ADAAG Standards. This barrier to access would make it difficult and dangerous for Plaintiff to attempt to utilize the accessible route as it increases the likelihood of the wheelchair tipping.

d. Due to a 4 to 5 inch vertical rise at the accessible entrance, the maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access this unit of the Property since it is often necessary for individuals in wheelchairs to need to use their hands to both wheel through the doorway and keep the door open with another hand. When the maneuvering clearance is not level, this ordinarily difficult process is made even more difficult by the presence of an excessive vertical rise.

e. There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

f. The restrooms have grab bars adjacent to the commode which are not in compliance with section 604.5 of the 2010 ADAAG standards as the side bar not 42 inches in length. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

g. The hand operated flush control is not located on the open side of the accessible toilet in violation of section 604.6 of the 2010 ADAAG standards. This barrier to access would

    make it difficult for Plaintiff and/or any disabled individual to flush the toilet as the location of the flush control on the open side is significantly easier to reach than when it is positioned on the closed side.

h. The distance of the centerline of the toilet is more than 18" from the side wall. As a result, the toilet is not adequately positioned from the side wall or partition positioning in violation of 604.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

i. The toilet paper dispenser in the accessible toilet is not positioned in seven to nine inches in front of the toilet and therefore is in violation of section 604.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to utilize the toilet due to the fact the toilet paper dispenser is at an improper distance from the toilet, given Plaintiff's disability, Plaintiff would not be able to get up and reach the toilet paper.

j. The height of the bottom edge of the reflective surface of the mirror in the bathroom is above the 40 inch maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to properly utilize the mirror in the restroom since Plaintiff is sitting in a wheelchair and is lower than a person standing up.

k. Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of section 306 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front.  In order to properly utilize a sink, Plaintiff's legs must be able to be underneath the surface of the

sink, but due to the improper configuration of the sink, there is no room underneath for Plaintiff's legs and feet.

l. The Defendant lacks accessible tables with proper knee/toe clearance.

m. The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

n. Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

23. Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Premises, and only once a full inspection is done can all said violations be identified.

24. To date, the architectural barriers and other violations of the ADA still exist, the removal of which is readily achievable and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA or to create access to the Premises.

25. Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and order the closing of the Subject Facilities until the requisite modifications are completed.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "26" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

28. The New York City Human Rights Law provides:

> a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…
>
> NYC Admin. Code §8-107(4)(a).

29. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

30. Defendants' unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Admin. Code §8-502.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "30" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

32. The New York State Human Rights Law provides:

   a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…
   
   NYS Exec. Law §296 (2)(a).

33. Defendants' Premises is a place of public accommodation as defined in the New York State Human Right Law.

34. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

35. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

**PRAYER FOR RELIEF**

36. The Plaintiff demands compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights

under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

37. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

38. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

   a. The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

   b. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

   c. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Premises;

    d. The Court award compensatory damages, including all applicable statutory damages and fines, to Plaintiff;

    e. The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

    f. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 13, 2023

                              THE MARKS LAW FIRM, PC

                              By: /s/ Bradly G. Marks
                              Bradly G. Marks
                              155 E 55th Street, Suite 4H
                              New York, New York 10022
                              T:(646) 770-3775
                              F: (646) 770- 2639
                              Brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRKPATRICK DUNBAR,

                Plaintiff,

    -against-

NASSER DAM ENTERPRISES, INC. d/b/a OMAR'S MEDITERRANEAN CUISINE
AND ISLAMIC SOCIETY OF AMERICA, INC.,

                Defendants,

**SUMMONS AND COMPLAINT**

        THE MARKS LAW FIRM, PC
        Attorney for Plaintiff
        155 E 55th Street, Suite 4H
        New York, New York 10022